May it please the Court, My name is Sean Bailey. I represent Conrad Truman and I would like to reserve two minutes for rebuttal. Mr. Truman was wrongfully convicted of murder and imprisoned for roughly three years and seven months. Mr. Truman was tried a second time and exonerated. Now Mr. Truman is entitled to his day in court to prove his evidence fabrication claim. The District Court committed error when it gave issue preclusive effect to orders entered by the State Court before the second trial. Issue preclusion does not apply here for three key reasons. One, the State Court said that its orders would not preclude Mr. Truman from pursuing his post-exoneration civil remedies. Two, the issues were not identical or essential. And three, the issues were not completely, fully, and finally litigated. So are you talking about knowledge, right? That's the key issue here, right? The identity of knowledge. Is that a fact question? Your Honor, yes, we are talking about whether or not Mr. Johnson's evidence fabrication was knowing. And that is a fact question. It is a fact-intensive question usually dependent on circumstantial evidence. And so on summary judgment, the key question is whether viewing the evidence in the light most favorable to Mr. Truman, is there circumstantial evidence upon which a reasonable jury could infer that Mr. Johnson's evidence fabrication was knowing? The State Court never asked that question. Likewise, the District Court, when it considered the issue, it never asked that question. On the contrary, it improperly reversed the summary judgment standard and viewed the evidence in the light most favorable to Mr. Johnson. The answer to that question is a resounding yes. There is substantial circumstantial evidence suggesting that Mr. Johnson's evidence fabrication was indeed knowing. For example, Mr. Johnson was personally familiar with the scene of Heidi Truman's death. So the jury could infer that he knew when he presented the distance travel theory and the fabricated measurements and diagrams to the medical examiner to convince him to change his opinion, or when he presented that evidence to the jury at the first trial, he knew that that evidence was indeed fabricated. So the State Court said, when it denied the motion to dismiss, if defendant is exonerated, he will have civil remedies rather than a remedy dismissal of this matter. This 1983 action is Mr. Truman's post-exoneration civil remedy. Under Utah issue preclusion law, the State Court should have deferred to that guidance. Furthermore, that statement is a clear indication that the State Court did not consider its treatment of the evidence fabrication issues a complete, full, and fair resolution of those issues. Can I ask you about the outrageous conduct motion, though? Wasn't the real sort of thesis of the defense there the prosecutor's knowledge? And so the State Court passed on that question in resolving that motion. Well, Your Honor, a few responses to that. One, the State Court resolved that issue on the legal basis that Utah law does not provide for the remedy that Mr. Truman requested. So that... But it wasn't a predicate factual finding. Maybe it didn't have to pass on that necessarily, but it was litigated. It was brought to the court's attention because that was the nature of the defense. And so the court looked at it and said, is this going to be enough to grant this remedy that is not often granted? Right? So it decided that factual predicate. I guess that's where I'm stuck is that it seems that that was very much vigorously litigated and decided as sort of the main issue in the outrageous conduct motion. So... Go ahead. No, I'd be happy to address that. So first and foremost, it was resolved as a matter of law that Utah law did not provide for that remedy. And so the issue of Mr. Johnson's knowledge was not essential to that ruling. At most, Mr. Johnson could argue that the District Court resolved that issue on alternative grounds. Wait, can I just stop you for a second? Sure. So your understanding is... Well, tell me how you understand what does essential mean for purposes of this case? It means that the ultimate outcome hinged on that issue. And since the ultimate outcome of that motion hinged on the fact that Utah law did not provide for the remedy requested, no... Well, didn't it only not provide for the remedy requested because the facts didn't compel it? The fact... I mean, the remedy was available. It just didn't... Maybe it wasn't warranted. No, Your Honor, I don't agree with that. What the court said was, no matter how egregious the conduct was, Utah law does not provide for the remedy of dismissal of a criminal action at this stage and for these reasons. So as I was saying before, even if Mr. Johnson were to argue that the court resolved that issue on alternative grounds, when a court resolves an issue on alternative grounds, neither ground is essential to the underlying ruling for issue preclusion purposes. That's the guidance of the Restatement Second of Judgment, Section 27, Comment I. Likewise, that's the way this court has resolved this issue in the Stanley Media case, the hacking case and in other cases. The other reason that the proceeding did not afford to Mr. Truman a complete, full and fair opportunity to litigate that issue was that Mr. Truman never had an opportunity to In his briefing, Mr. Johnson has touted an evidentiary hearing. That evidentiary hearing was convened for a very limited discovery purpose. Mr. Truman hired new counsel after the first trial. Mr. Truman's new counsel conducted a thorough investigation. The lead detective on the case, Detective Wallace, refused to talk to Truman's counsel. The judge convened that evidentiary hearing for the limited discovery purpose of forcing that Mr. Johnson was not questioned in that hearing. That hearing was not focused on the issue of Mr. Johnson's knowledge. On the contrary, Mr. Johnson appeared in that hearing as counsel for the state, and he repeatedly objected in that hearing that the hearing must be limited to the discovery scope for which it was originally convened. The next issue, Your Honor, that I'd like to address is that the issues were not identical in the sense that the state court did not apply the standards that will govern this case. As I said, the key question here on summary judgment is, viewing the evidence in the light most favorable to Mr. Truman, is there enough circumstantial evidence upon which a reasonable jury could infer that Mr. Johnson's evidence varies from the evidence fabrication was knowing? The state court's failure to ask that question indicates that it never considered the identical issue that's before this court. I believe it didn't ask that question because that issue of Mr. Johnson's knowledge was not essential, was not central to the state court proceedings. Likewise, as I said, the district court never asked that question as well. To the extent it considered that issue at all, it improperly reversed the summary judgment standard and viewed the evidence in the light most favorable to Mr. Johnson. So how would knowledge not be re-litigated? I'd like to have you give me your best sort of practical answer. If you prevail, what will be different on that element? Well, the issue of Mr. Johnson's knowledge was never fully litigated because it was not essential or central to the underlying proceedings. So to the extent that the state court considered that issue at all, its proceedings were extremely cursory and limited. It did not identify a substantive standard for knowledge that it applied. It did not identify what evidentiary standard it was applying. It did not identify what procedure or standard of review it was applying. Like I said, Mr. Truman never had the opportunity to even question Mr. Johnson about his knowledge. And the state court never asked the critical question, viewing the evidence in the light most favorable to Mr. Truman, is there sufficient circumstantial evidence upon which a jury could infer that Mr. Johnson's evidence fabrication was knowing? So in this case, if we prevail, the district court will actually allow Mr. Truman to question Mr. Johnson. He'll have that opportunity. Likewise, it will apply the correct substantive standard for knowledge. It will look at whether or not there is circumstantial evidence that suggests that Mr. Johnson's evidence fabrication was knowing. There's a whole host of procedural opportunities afforded by this case that were not available to Mr. Truman in the proceeding below. Another issue, Your Honor, is that the issues were not completely, fully, and finally litigated in the state court proceedings because most of the issues that Mr. Truman raised were never addressed by the state court in any real fashion. The state court zeroed in a little bit on the distance travel theory and the fabricated measurements and diagrams that were used to advance that theory. That is an important issue, but that's not the only issue that Mr. Truman raised. Mr. Truman also raised significant issues relating to other evidence fabrication events, evidence concerning gunshot residue, evidence concerning alleged financial motives, evidence concerning the location of a shell casing at the crime, at the scene of Heidi Truman's death. Ultimately, it would be unjust to apply issue preclusion in this case. In addition to the four factors that Utah courts look at when they apply the issue preclusion doctrine, they also ask, would it be just under the circumstances of this case to apply issue preclusion, and would issue preclusion serve the policy purposes that are supposed to be advanced by that doctrine? Here, it would not be just to Mr. Truman to apply issue preclusion because of the procedural opportunities afforded by this proceeding that were never offered to Mr. Truman in the underlying proceeding. As I said, most notably, Mr. Truman would have the opportunity to actually question Mr. Johnson. That was an opportunity he never had, not in that evidentiary proceeding that was convened for the limited discovery purpose of questioning Detective Wallace, and not in any other proceeding at any point in the state court proceedings. Likewise, Mr. Truman would have in this proceeding the opportunity to have the evidence viewed in the light most favorable to him, and to ask, are there fact issues for a jury to determine here? Clearly, there are. There is substantial circumstantial evidence suggesting that Mr. Johnson's evidence fabrication was indeed knowing, and that this case ought to be resolved at trial. I would like to resolve my remaining time for a moment, if that's all right. May it please the court, my name is Peter Sturbe. I represent Appalachian Johnson, who is the prosecutor in this scenario. I want to address some of your questions, Your Honor, because I think they're particularly important. The first one I think you asked was, wasn't the motion to dismiss premise on knowledge that the prosecutor and the police officers had, and then went ahead and proceeded to use evidence which they knew was false, and that was basically the premise of the motion to dismiss. Frankly, it's a 46-page motion, you read it, and that's exactly what the motion was all about. Knowledge on behalf of the police, knowledge on behalf of Johnson, and therefore there's denial, due process, essentially, or outrageous conduct, because you can't do that, obviously, as a police department or prosecutor. So that's the first question I want to answer. The second one has to do with the law and how the state court judge determined it. I have it right here, it's on page 11 of our brief, and the court didn't say there was no authority in Utah to provide a remedy. That's not what the court said. What the court said was, here, the court cannot find misconduct that would warrant such an extreme remedy. And then the court went on to say that there is evidence of ineptitude in the house diagram, advocacy, expert witness preparation, and inferential commentary by the prosecution and police, but nothing constituting deliberate, deceitful statements and behavior. That's why the motion to dismiss was denied. It wasn't that there wasn't available law, in fact, I think there's inherent authority, if you like. That's inherent. But what this court said was, you have presented nothing that rises to the level of what you're now requesting me to do, that is to say, dismiss the case. If the standard that the state court was applying was more harsher than it would have been for Mr. Truman in federal court, would the fact that it's the same issue, subject to a different standard, preclude preclusive effect? Well, let me see if I can answer it this way. Knowledge of the prosecutor as to fabrication was quintessentially part of the motion to dismiss. And the state court judge made a number of findings on that precise issue, denied the motion. That's on pages 11 and 12 of our brief. So then you take that over to federal court in 1983, and remember, the particular claim that is taken, they didn't have to take it. But premise in the claim that they're taking is knowledge. Knowledge on behalf of the prosecutor. And so, the lower court judge said, appropriately, issue preclusion. And in fact, I'll go one step further, because I think it's... Well, I want to make sure that you answer my question, though, because just to make it clear. For example, if the state court had required Mr. Truman to prove beyond a reasonable doubt that Mr. Johnson had knowledge, with the fact that knowledge is the quintessential issue in both state court and in the federal suit, would you still be arguing issue preclusion? Well, first of all, that was not a standard that the state court applied. But the whole question originally was, if the state court had applied a harsher standard, for example, than the Rule 56 standard that would be applicable, is the fact that knowledge is the underlying substantive goal in both proceedings preclusive, even if the state court had required more of Mr. Truman than a federal court would have? I don't think the courts look at it that narrowly, Judge, in this sense. You have a fact issue. Was it fully and fairly litigated by the parties below, or at some point, so that then you can take that factual determination and use it for purposes of issue preclusion? I think that's generally where the courts are. And that's irrespective of legal standard? Well, in this... Well, there's always a standard. But it's not a standard of proof. It's not claim preclusion. It's a standard of whether the adjudication of the issue, the factual question, has been done with due process, notice, opportunity to be heard, fully litigated. Parties could have whatever they wanted to present to the court, and then the court decides the fact question. That's how it comes up, and that's how it came up with the state court here, and that's how it generally comes up in all circumstances, because it's not a claim. It's a fact issue. What if the state court had required Mr. Truman to prove knowledge by requiring clear evidence of grave misconduct, and there would have been no such obligation in a Rule 56 opposition to a motion for summary judgment in Federal court? Would you repeat that, please, again? Well, I'll restate it and ask you a better question. On page 10, the district court said that the state court had applied the standard. If such a remedy were available at all, it would require clear evidence of grave misconduct. So the Federal court is saying that in state court, the state court had required Mr. Truman to prove knowledge by showing clear evidence of grave misconduct. Obviously, far less would have been sufficient to withstand a Rule 56 motion in Federal court. So why isn't the fact that, according to our Federal district court, that the state court had required far more of Mr. Truman to prove knowledge than a Federal court would have required to deny summary judgment, why isn't the vast difference in standards, the far more lenient standard applicable in Rule 56, enough to preclude preclusive effect? Judge, I can only answer it this way, because I'm not sure I understand, but it's a good question. Once you have the factual determination made, the next question is, was it fully and completely true? You can't go and re-litigate it, re-package it, re-argue it, re-factualize it. That is a factual finding that you're stuck with. And that's what I think the lower court, the Federal court, determined. That is to say, knowledge was determined by the state court, and that issue, that issue, that factual question, you're now precluded from going further with for purposes of your 1983 claim. That's what it's talking about. It's not as broad, I think, as you were suggesting. I'm trying to answer it, and maybe I'm not answering it well, but I'm trying to give you some of my sense of it. Anyway, the other thing is, that I think I need to address, it's one that they argue repeatedly, that somehow this was not a final judgment. That somehow this was temporary, tentative, it was temporary. They harp on the language in the decision that says, essentially, in the motion dismissed, well, essentially, Mr. Truman, if you're exonerated, then you have civil remedies and administrative remedies that you can then pursue. He doesn't ever say that the order's not final. There's no language that would suggest that. That only says is, the reality is, yes, if you're acquitted, you might have a remedy of some kind. Doesn't say that that's a... He didn't say may. Pardon me? He didn't say may. He said he will have them, have administrative and civil remedies. So if it weren't a civil remedy available through Section 1983, what other civil remedy would he have had? There could have been a remedy for negligence. There could have been other remedies. I'll say for purposes of 1983, Mr. Truman took this claim. He didn't have to take this claim, knowing full well that knowledge was an essential component of proving this 1983 claim. And yet he also knew that he had adjudication that the prosecutor did not have knowledge. So in a sense, he didn't have to take this claim. He could have taken some other claim. He could have taken an administrative remedy. So there wouldn't have been issue of preclusion on a negligence claim, based on this language? I'm not sure. Because what we're talking about is knowledge in a fabrication claim. It's different than a negligence claim. And Judge, frankly, I can't hypothesize all the possible claims that could be out there. I don't think that's what the judge was doing. But he was just recognizing the fact that if you're exonerated, remedies are available to you. And you can pursue them. But that is not to say this is not a final order. He didn't say without prejudice. He didn't say that after he goes through all this conclusory work of preparing this memorandum, that's, I don't really mean this. Why does it matter that it was with prejudice? I'll give you an example. Let's say there was a habeas action where someone claims a release, files a habeas action, and the complaint is that they did not get adequate nutrition, conditions of confinement. The district court, as they would in virtually every district in our circuit, has said that is not an available remedy under habeas, that is dismissed with prejudice. That person could still file a Section 1983 action, even though the form of the action was completely improper, and therefore dismissed with prejudice. So I don't know why it would matter that this was, that this motion to dismiss a criminal charge would be with prejudice would necessarily preclude him utilizing the remedy that the state court specifically told him that he will have. Two things. I think, once again, we're talking about a claim versus an issue. And you've got to treat them differently. They're different. So I think you're talking about a claim. That's the first point. Second point is, it's just an indication that for purposes of the state court judge, this was a final adjudication. And really, in Utah, unless you have something in the order that says this is not final, i.e. without prejudice or something else, in fact, it's final. And Rule 4041, which is cited in the Amundsen case, deals with this a little bit, talking about if you get a dismissal. And I realize that's a claim. But still, the logic is the same. It says, unless you have something in that dismissal that says this is really not final, it's final. That's generally the law in Utah. And I go back, once again, they had a full-blown proceeding about this. Now, they didn't ask for an evidentiary hearing. They didn't file a reply. They could have done all that. Quite simply, it seems to me, if the issue is knowledge of the prosecutor, you would have said, we want an evidentiary hearing. We want to put Mr. Johnson on the stand. And we want to interrogate him. It seems to me they didn't do that. But the point is, they submitted a large memorandum with cited transcripts, which had attached to it affidavits, a whole myriad of factual circumstances. It was fully argued, fully briefed, fully addressed. And then the judge said, factually, no knowledge here. And now they want to really litigate, rather, the issue here. And they can't do that. You know, there is another case, by the way, Truman won, which is, you folks have decided. And basically, it was claimed, I'm sorry, issue of preclusion vis-a-vis the police officers. Yeah, but that was forfeited. And see, what happened, I'll just tell you what happened. The lower court dismissed Johnson on a motion to dismiss. And we asked for issue of preclusion. But since it was already decided, he didn't decide that question. So on appeal, we had nothing to appeal other than the qualified immunity issue. Court reversed. So we go back to the trial court. And then we say, OK, now, in light of the footnote 11, I believe, in the Truman won decision, we think it's preclusive, as we argued before. And that's what the lower court granted. But my point is, it's already been decided by this court once for the police. And it seems to me it should, sort of, in logic and equity, be decided the same way for Johnson. First of all, that's the policy of issue of preclusion. And second of all, Johnson didn't make the measurements that are in error. The police did. There's no dispute about that. And so if they're exonerated on issue of preclusion, certainly Johnson should have the same treatment. And unless somebody has any questions, I'll submit it. Thank you. Great, thank you. So, the district court said that the motion to dismiss standard was clear evidence of grave misconduct. The district court actually conceded that that was not the same standard that would apply in this 1983 action. That means that the issues were not identical. And that ends the issue preclusion analysis. If the issues are not identical, issue preclusion does not apply. Furthermore, the language of the court's order denying the motion to dismiss was inherently tentative and non-final. The court said things like, the existence of incorrect measurements and diagrams does not necessarily lead to the conclusion that the state court engaged in intentional misconduct. That formulation concedes that a reasonable fact finder could reach the opposite conclusion. The state court was clearly saying the evidence fabrication issues will be the subject of further litigation on the merits. To the extent that those issues concerned Mr. Truman's criminal liability, Mr. Truman was allowed to raise those issues at the second trial and he did and he was acquitted. To the extent that civil liability was concerned, the state court clearly said Mr. Truman will have his post-exoneration civil remedies. This court should reverse so that Mr. Truman does indeed have his post-exoneration civil remedies, most notably or probably only this 1983 claim. And he's entitled to his claim. Thank you. Thank you. This matter will be submitted. I do want to express something ahead of the court. Both sides did an excellent job in your briefs and in your arguments today. And so we appreciate your excellent advocacy. We'll be in recess, I think, until tomorrow.